# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| JAMES C. TATE, SR. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 18-09796 |
| VALERO SERVICES, INC. | SECTION: "KWR" |

## ORDER & REASONS

Before the Court is **Defendant's Rule 12(b)(6) Motion to Dismiss (R. Doc. 12)** filed by Valero Services Inc. ("Valero") seeking an order from the Court to dismiss Plaintiff's suit pursuant to Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim upon which relief may be granted. The motion is opposed. R. Doc.7.

## I.   Factual Background

James C. Tate, Sr. ("Tate") filed the subject lawsuit alleging that he was employed at the Meraux facility of Murphy Oil since September 1994 where he worked for twenty-two plus years as a Production Operator. He alleges that Murphy Oil was purchased by Valero Services on October 1, 2011 when he volunteered to serve as an Emergency Medical Technician, on the Emergency Response Team.

He alleges that while the companies were in transition he was subjected to discrimination, wrongful termination and hostile work environment. He alleged that his supervisor, who is white subjected him to harassment at the new Valero site and that the harassment began in 2009. He alleges that his supervisor made statements such as, "I'd have all those niggers running" and he also observed another white employee threaten a black employee with a knife in his hand. He alleges that although he observed this hostile encountered by another employee, he calmed the conflict down and was told by his supervisor to not mention the incident. He alleges another

incident occurred on the job when a contractor was impaled with a pipe through his torso when the chief operator left the site, even though his shift did not end until 6 a.m. He complains that despite leaving the job early, the chief operator who was white, was not disciplined when the black operators were disciplined.

He alleges that he tried to complain about his observations but that the area manager refused to meet with them and the chief operator. He alleges that he made a complaint to the union and was not pleased by their lack of response and resigned from the union. Tate alleges that while attending a refresher training that the instructor who conducted the training at Meraux discovered that they were operating one of the boilers in an unsafe manner and that after Tate complained in the class, he noticed that the performance reports started to show a decline even though he outperformed.

The plaintiff complains that he was wrongly disciplined for threatening a coworker when he provided an answer to the coworker that was unsolicited. Tate alleges that he was terminated on September 1, 2017 allegedly because of his behavior which cost the company money and that he was given the option to retire under the duress of job termination. Tate, therefore seeks monetary damages, a permanent injunction against all forms of discrimination, the creation of policies providing for equal employment opportunities, back pay, loss future income, damages for emotional distress, and punitive damages. He also seeks compensation for alleged defamation, harassment, humiliation and retaliation. Finally, he seeks the award of costs.

Valero filed the subject motion contending that Tate failed to exhaust his administrative remedies as to his gender discrimination and hostile work environment claims. It further contends that all of his claims are time barred. Tate opposes the motion. He concedes that he did not file

a gender base claim. He also provided the documentation establishing when he had had his meeting with the EEOC.

## II. **<u>Standard of Review</u>**

Under Rule 12(b)(6), the Court may dismiss a complaint if it lacks jurisdiction over the subject matter or for failure to state a claim upon which any relief may be granted. *See* Fed.R.Civ.P. 12(b)(1). The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "[t]he plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

3

>defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

In determining whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, as mentioned above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See id*.

## III. Analysis

### A. Whether Plaintiff's Gender and Hostile Discrimination Claims are Procedurally Barred

Defendant argues that Plaintiff's claims are barred procedurally because he did not exhaust him administrative remedies and he failed to specifically plead acts of discrimination in is EEOC charge. R. Doc. 6-2, p. 5. The defendant contends that neither the gender nor hostile discrimination claims were identified in the EEOC charge. Defendant relies on *Alexander v. Gardner-Denver Co.*, 415 U.S, 36, 47 (1974) for the proposition that in order to exhaust her administrative remedies, the Plaintiff must timely allege each separate and distinct discriminatory act in the charge. *Id.*

The filing of an EEOC charge is a prerequisite to bringing a Title VII action. *Brooks v. Firestone Polymers, LLC*, 70 F. Supp. 3d 816, 839 (E.D. Tex. 2014), *see also Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970). A condition precedent to bringing a Title VII action in federal court is the exhaustion of available administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Exhaustion occurs when an individual files a

timely charge of discrimination with the EEOC and subsequently receives a statutory notice from the EEOC of the right to sue. *Id.* at 379. If, by looking to either the factual allegations or the checked boxes, a specific type of discrimination claim could reasonably be expected to grow out of the allegations in an EEOC charge, then the plaintiff has exhausted her administrative remedies. *See Briggs v. DART Regional Rail Right of Way Co.*, 2005 WL 3133505 (N.D.Tex. Nov. 23, 2005). The Fifth Circuit has stated that "the crucial element of a charge of discrimination is the factual statement contained therein." *Sanchez*, 431 F.2d at 462.[1]

The primary purpose of the EEOC charge is to provide notice of charges to respondents, to allow them to preserve evidence and to facilitate the voluntary compliance and conciliation functions of the EEOC. *Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003). Thus, the Fifth Circuit does not require that a Title VII plaintiff "check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency." *Pacheco v. Mineta*, 448 F.3d 783, 791 (5th Cir. 2006). "Nor does [the Fifth Circuit] require, for purposes of exhaustion, that a plaintiff allege a *prima face* case before the EEOC." *Id.*

Instead, the plaintiff's administrative charge must be read somewhat broadly, in a fact-specific inquiry into what EEOC investigations it can reasonably be expected to trigger. *Id.* A plaintiff only needs to plead facts sufficient to inform the defendant of the claims that the plaintiff intends to purse. *Ollie v. Plano Indep. School Dist.*, 565 F.Supp.2d 740 (E.D. Tex. 2007)(citing

---

[1] Moreover, "[a] charge of discrimination must be filed "in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e–5(b). The EEOC's regulations also require that a charge be in writing, signed, and verified. 29 C.F.R. §§ 1601.9, 1601.3(a). This requirement is designed to protect employers from the filing of frivolous claims. *Price v. Southwestern Bell Telephone Co.,* 687 F.2d 74 (5th Cir. 1982). In addition, to be sufficient a charge "should contain . . . [t]he full name and address of the person against whom the charge is made" and "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." *Id.* § 1601.12(a). A sufficient charge will "identify the parties, and [ ] describe generally the [complained of] action or practices." *Id.* § 1601.12(b).

*Swierkiewicz v. Sorema*, 534 U.S. 506, 511–12 (2002)). Having outlined the pleading requirement, the Court will now examine Plaintiff's EEOC charge.

Tate concedes that he has not and did not intend to assert a gender claim. He does not address the specifics of whether he intended to assert a hostile environment claim. As a result, the Court will look at the EEOC charge to see if he satisfied the notice requirement.

Tate alleges that he began his employment in September 1994 as an A-Operator and that he had the same supervisor, Garry Collin during that time. He alleges that his white co-employees committed more egregious errors but were not discharged. He alleges that his supervisor routinely disciplined and discharged black employees more than white employees. He alleges that on September 1. 2017 he was discharged because he took too long to correct a problem. He complains that his discharge was wrong because he explained to the employer what happened and he further ultimately identified the root cause of the problem, but was still discharged.

Based on the above case law, the Plaintiff has not plead facts to inform the Defendant of the claims he intends to pursue a hostile work environment claim. Plaintiff's charge was in writing, signed, verified and included a concise statement of the facts. Specifically, he alleged that at most a racial discrimination claim. He made no mention in the charge of any facts giving rise to a hostile work environment claim. He also concedes that he never intended to assert and the charge does not allege a gender discrimination claim. Therefore, to the extent that the charge alluded to a gender claim, which the Court does not believe that it does and a hostile work environment claim, the Court finds that these claims are procedurally barred.

### B. <u>Whether Plaintiff's Racial Discrimination Claim is Time Barred</u>

Defendant argues, generally any discrimination claim that Tate intended to bring including the racial discrimination were filed more than 300 days after his termination. R. Doc. 6 p. 5. Thus,

Valero contends that because Tate filed his EEOC charge on August 3, 2018 after being terminated on September 1, 2017, 334 days, his claims including his racial discrimination claim are time barred. *Id.*

In opposition, Plaintiff argues that his racial discrimination claim is not time barred. He provided documentation showing that his charge of discrimination was filed March 2, 2018 not August 3, 2018. He also provided documentation that shows he had a phone interview with the EEOC on May 24, 2018, again less than 300 days from the charging event.

"Title VII requires employees to exhaust their administrative remedies before seeking judicial relief." *McClain v. Lufkin Indus., Inc.,* 519 F.3d 264, 273 (5th Cir.2008). Thus, a plaintiff in a deferral state such as Louisiana must file a charge with the EEOC within 300 days of the last allegedly discriminatory or retaliatory act before he can file suit under Title VII. *Grice v. FMC Techs. Inc.,* 216 Fed.Appx. 401, 405 (5th Cir.2007) (citing *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir.1998); *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir.1990)); *Janmeja v. Bd. of Supervisors*, 96 Fed.Appx. 212, 214 (5th Cir.2004) (citing 42 U.S.C § 2000e–5(e)(1)).

A plaintiff's Title VII claims based on events that occurred more than 300 days before he filed his EEOC charge are time-barred. *Grice*, 216 Fed.Appx. at 407 (citing *Morgan*, 536 U.S. at 113–14, 122 S.Ct. 2061); J*anmeja*, 96 Fed.Appx. at 214. Failure to file a timely charge with the EEOC before commencing a lawsuit will result in dismissal of the suit. *Morgan*, 536 U.S. at 109, 122 S.Ct. 2061; *Hague v. Univ. of Tex. Health Sci. Ctr.,* 560 Fed.Appx. 328, 331 (5th Cir.2014); *Price v. Choctaw Glove & Safety Co*., 459 F.3d 595, 598 (5th Cir.2006); *Taylor*, 296 F.3d at 378–79.

The record shows that Tate made contact with the EEOC in March 2018. However, he waited five additional months to file his EEOC charge on August 3, 2018, 334 days from the date

of discharge. As a result, Tate waited too long to file any discrimination charge. To be clear it is the EEOC charge that determines prescription and not the meeting date. Consequently, the Court finds that Tate's Title VII discrimination claims are time barred.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that the **Defendant's Rule 12(b)(6) Motion to Dismiss (R. Doc. 6)** is **GRANTED** and Tate's discrimination claims against Valero Services, Inc in violation of Title VII, 42 U.S.C. § 2000e, et seq., are **DISMISSED WITH PREJUDICE** .

New Orleans, Louisiana, this 19th day of February 2019.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**