UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JAMES C. TATE, SR. | CIVIL ACTION |
| --- | --- |
| VERSUS | NO: 18-9796 |
| VALERO SERVICES, INC. | SECTION: "KWR" |

### ORDER

Before the Court is Plaintiff's **Motion to Vacate (R. Doc. 14)** and a **Motion for Extension of Time (R. Doc. 15)** filed by the Plaintiff, James C. Tate, Sr. ("Tate"), seeking an order from this Court vacating its judgment against Plaintiff dismissing his Title VII claims with prejudice (R. Doc. 13). These motions are opposed. R. Doc. 16. Plaintiff also filed his **Motion to Continue (R. Doc. 17)**, which similarly requests the Court reconsider its initial verdict in light of certain newly proffered evidence. That motion is likewise opposed. R. Doc. 18.

### I.     Background

On February 20, 2019, this Court dismissed Plaintiff Tate's claims for gender discrimination, hostile work environment, and racial discrimination against his former employer Defendant Valero Services, Inc. ("Valero"). R. Doc. 12. Starting on September 10, 2019, more than six (6) months after the Court's final judgment, Plaintiff Tate filed a series of motions to include a Motion to Vacate (R. Doc. 14), Motion for Extension of Time (R. Doc. 15), and a Motion to Continue (R. Doc. 17). All of the motions seek the Court reconsider its judgment in light of a National Labor Relations Board ("NLRB") investigation instituted at the behest of Tate and against the United Steel Workers local 8363 ("Union").

Specifically, Tate contends the Union did not adhere to their bylaws, which he believes would have required the Union to form a Civil Rights Committee to investigate his claims of discrimination against Defendant Valero. *Id.* Also, to rebuff the Court's finding that he did not file a charge with the EEOC until August 3, 2018, Plaintiff also attaches an EEOC inquiry response email in an attempt to show the alleged discrimination and his contact with the EEOC date back as early September 2017. R. Doc. 15-3, p. 3.

Ultimately, the Plaintiff seeks an order from the Court vacating its earlier judgment. R. Doc. 14. More specifically, Plaintiff seeks this Court reconsider its earlier judgment in light of this newly submitted evidence. Plaintiff seeks this Court find (1) his hostile work environment discrimination claims are not procedurally barred because the Union's failure to proceed with certain administrative measures renders his administrative remedies exhausted and (2) his racial discrimination claims with the EEOC date back to September 2017.

Defendant Valero, in opposition, contends that Tate has neither established that he is entitled to relief pursuant to Rule 60(b) nor has he established any other reason to justify overturning the Court's previous judgment. R. Doc. 16, p. 5. Defendant also contends that Tate continues to complain about alleged actions and inactions on the part of the Union, who is not a party to this matter, and who should have no bearing on the dismissal of his suit against Valero. *Id.* Valero further contends the fact that Tate was in contact with the EEOC before he filed his August 3, 2018 EEOC charge will not have the effect of producing a different result. R. Doc. 16, p. 5. Ultimately, Defendant avers Plaintiff's series of recent filings is an improper vehicle for relief. *See* R. Doc. 18, p. 1. As such, Defendant maintains dismissal of Tate's time-barred Title VII discrimination claims remains proper. *Id.*

The only party to this action is Valero, and not the NLRB or the Union. Now receiving this additional information, the Court will analyze its previous judgment in light of the newly submitted documents and with consideration to these non-parties' actions and/or inactions.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 60(b) provides the grounds for relief from a final judgment, order, or proceeding. Specifically, it provides that the court may relieve a party from a final judgment, order, or proceeding for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b)(1)-(6). The purpose of Rule 60(b) is to balance the principle of finality of a court judgment "with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Still, the "decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court." *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010).

Rule 60(c)(1) further provides "[a] motion under 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. Pro. 60(c)(1).

## III. Analysis

As an initial note, despite Defendant's averment that Plaintiff's motion is belated where it was not filed within a reasonable time pursuant to Federal Rule of Civil Procedure 60(c)(1), the Court notes Rule 60(c)(1) provides Rule 60(b) reasons (1), (2), and (3) allow for relief from judgment or order up to a year after entry of the judgment. Fed. R. Civ. Pro. 60(c)(1). Furthermore, for Rule 60(b) reasons (4), (5), and (6) does not provide any additional time restriction beyond the "reasonableness" standard.

"The timeliness of [a 60(b)] motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment." *In re Edwards*, 865 F.3d 197, 208 (5th Cir.), *cert. denied sub nom. Edwards v. Davis*, 137 S. Ct. 909, 197 L. Ed. 2d 83 (2017) (quoting *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992) (considering whether motions to vacate beyond a year after entry were filed in a reasonable time). As this motion was filed well within the one-year time limit imposed by Rule 60(c)(1), the Court finds the Defendant motion is timely.

Next, in the context of Rule 60(b) factors, the Court construes Plaintiff's motions as requests to find his September 2017 EEOC inquiry constitutes "newly discovered" evidence within the meaning of Rule 60(b)(2). The Court further construes the Plaintiff's motions as requests to find the Union's failure to form a civil rights committee constitutes misconduct or some other reason that justifies grounds for relief within the meaning of Rules 60(b)(3) or 60(b)(6).

**A. September 2017 EEOC Inquiry: Rule 60(b)(2)**

In considering whether Tate is entitled to relief pursuant to Rule 60(b)(2), the Court must find "[t]he new evidence actually must be relevant to the matter the Court is being asked to reconsider." *United States v. City of New Orleans*, No. CIV.A. 12-1924, 2013 WL 2369799, at *3 (E.D. La. May 29, 2013) (citing *Hesling*, 396 F.3d at 639). "Indeed, the movant must

he (1) 'exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Id.*

Tate's contentions do not provide a basis of relief within the meaning of Rule 60(b)(2). First, Tate's email documentation clearly existed within his own personal possession since 2017. The Court, accordingly, cannot consider this documentation "newly" discovered. Tate also fails to demonstrate how providing the Court with this information "clearly would have produced a different result."

As this Court previously stated, "a plaintiff in a deferral state such as Louisiana must file a charge with the EEOC within 300 days of the last allegedly discriminatory or retaliatory act before he can file suit under Title VII." R. Doc. 12 (citing *Grice v. FMC Techs. Inc.*, 216 Fed. App'x. 401, 405 (5th Cir. 2007) (citing *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998)); *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990)); *Janmeja v. Bd. of Supervisors*, 96 Fed. App'x. 212, 214 (5th Cir. 2004) (citing 42 U.S.C § 2000e–5(e)(1))).

Furthermore, the Court explained "[f]ailure to file a timely charge with the EEOC before commencing a lawsuit will result in dismissal of the suit." R. Doc. 12 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Hague v. Univ. of Tex. Health Sci. Ctr.*, 560 Fed. App'x. 328, 331 (5th Cir. 2014); *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598 (5th Cir. 2006); and *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002)).

Among other things, the September 2017 EEOC email correspondence in response to Plaintiff Tate's inquiry clearly states, in capitalized and bolded lettering, "**ANSWERING THESE QUESTIONS IS NOT THE SAME AS FILING A CHARGE OF DISCRIMINATION**." *Id.* (emphasis in the original). The record still reflects that until August 3, 2018, 334 days from the

date of his discharge, to file an official EEOC charge. As such, even considering the September 2017 inquiry, Plaintiff still waited too long to file a formal EEOC charge. The Court, accordingly, cannot find the September 2017 documentation material and controlling and clearly would have produced a different result. As such, the Court finds granting relief pursuant to Rule 60(b)(2) is inappropriate.

### B. National Labor Relations Board Investigation: Rule 60(b)(3) and Rule 60(b)(6)

On October 23, 2019, Plaintiff Tate filed his Motion to Continue (R. Doc. 17) that includes the results of the NLRB's investigation into Plaintiff Tate's charges against the Union. R. Doc. 17-1. In that decision, the NLRB dismisses Tate's charges against the Union because its investigation revealed Tate chose to retire in lieu of being terminated. *Id.* Tate contends that the NLRB concluded wrongly that he chose to retire. R. Doc. 17, p. 1. Tate maintains that Valero forced him to retire after Valero's Human Resource manager explained the benefits of retirement versus termination, and, after a period of sitting in prolonged silence, requested Tate put something in writing as to his decision. R. Doc. 17, p. 1-2. Defendant contends, in opposition, should Tate continue to seek relief for his NLRB charge, the proper avenue for redress is to appeal to the General Counsel of the Board and not through this Court, in this proceeding. R. Doc. 18, p. 2.

While Plaintiff Tate explains the NLRB investigated his claims of misconduct by the Union, the Union—United Steel Workers local 8363—is simply not a party in this case. *See* R. Doc. 15. As such, the Court cannot consider this alleged misconduct pursuant to Rule 60(b)(3), which requires the complained of misconduct be on the part of "an opposing party." Fed. R. Civ. P. 60(b)(3). The Court, nonetheless, will consider whether this alleged misconduct constitutes an "extraordinary circumstance" pursuant to Rule 60(b)(6).

Plaintiff Tate explains that the Union did not comply with its bylaws when it declined to form a Civil Rights Committee to investigate his complaint of adverse employment action stemming from perceived racial discrimination. R. Doc. 14. "Rule 60(b)(6), which permits a court to grant such a motion for 'any other reason that justifies relief,' is a 'catchall' that has been referred to as a court's 'grand reservoir of equitable power to do justice.'" *United States v. City of New Orleans*, 2013 WL 2369799, at *5 (citing *Rocha*, 619 F.3d at 400 (quoting *Williams v. Thaler*, 602 F.3d 291, 311 (5th Cir. 2010))). Still, a court may invoke Rule 60(b)(6) only for 'any other reason than those contained in the preceding five enumerated grounds' and only in 'extraordinary circumstances.'" *Id.*

Plaintiff's grievances against the Union was included in his original complaint. R. Doc. 1, p. 9. That he subsequently filed a charge against the Union with the NLRB pursuant to these grievances is not the sort of extraordinary circumstance contemplated by Rule 60(b)(6). The Court, accordingly, is of the opinion that Plaintiff Tate has not provided any new grounds or evidence in his motion that would warrant the Court disturbing its prior ruling. *See Mers, Inc. v. M/V CHRISTOPHER D*, No. CIV. A. 93-1853, 1996 WL 169098, at *1 (E.D. La. Apr. 8, 1996) (finding, beyond conclusory statements, that "plaintiff had not demonstrated the existence of any other grounds which would have constituted the 'extraordinary circumstances' necessary for relief under Rule 60(b)(6)"); *see also Williams*, 602 F.3d at 312 (explaining the Court's failure to consider extrinsic evidence, inability, or ineffective assistance of counsel do not suffice the high extraordinary circumstance burden). As such, the Court likewise finds granting relief pursuant to 60(b)(6) is inappropriate.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Vacate (R. Doc. 14)**, **Motion for Extension of Time (R. Doc. 15)**, and **Motion to Continue (R. Doc. 17)** are **DENIED.**

New Orleans, Louisiana, this 18th day of November 2019.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**